UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 07-58-GWU

JAMES N. AUCHTER,                                                PLAINTIFF,

VS.                   **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                   DEFENDANT.

## INTRODUCTION

James Auchter brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

07-58 Auchter

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately

Case: 2:07-cv-00058-GWU   Doc #: 7   Filed: 01/16/08   Page: 7 of 12 - Page ID#: 58

07-58 Auchter

portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Auchter, a 52 year-old former stocker/merchandise handler with a "limited" education, suffered from impairments related to a lumbar spine disorder, a history of pelvis fracture, leg length discrepancy, and cardiac disease.  (Tr. 24, 28).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 25-26, 28).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 28-29).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 29).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert George Parsons and relied upon by the ALJ included an exertional limitation to between light and sedentary level work along with such non-exertional restrictions as (1) an inability

to stand or walk for more than four hours a day in intervals of 30 minutes; (2) an inability to sit for more than six hours in an eight-hour time period; (3) the need to alternate between standing and sitting in 30 minute intervals; (4) an inability to ever balance, crawl, or climb ladders, ropes and scaffolds; (5) an inability to more than occasionally climb ramps and stairs; and (6) the need to avoid exposure to unprotected heights, vibration, or wet, slippery surfaces. (Tr. 331-335, 345).[1] In response, the witness identified a number of light level jobs which could still be performed. (Tr. 346). The ALJ relied upon these jobs to find that a significant number of jobs remained available to the claimant despite his inability to return to his past relevant work. (Tr. 29).

The Commissioner carries the burden of identifying a significant number of jobs in the economy which can still be performed once a claimant has established that his impairments preclude performance of his past relevant work. <u>Jones v. the Commissioner of Social Security</u>, 336 F.3d 469, 474 (6th Cir. 2003). Social Security Ruling (SSR) 83-10 states that the major difference between most light and sedentary level jobs is that light level work requires one to walk or stand most of the time and light level work is noted as typically requiring standing or walking for a total of six hours out of an eight-hour day. SSR 83-10 p. 5. Auchter's representative specifically brought these factors to the attention of Parsons, noting that the

---

[1] The ALJ did not directly present the hypothetical question to Parsons but asked him to consider the functional limitations previously identified by the medical advisor.

hypothetical question had specifically limited one from standing or walking more than four hours a day. (Tr. 348). Parsons, while stating that he knew some jobs could be performed based on his personal observations, testified that he had no way of knowing the actual number of light level jobs he had previously cited which could be performed with a four-hour total standing/walking restriction. (Tr. 348-349). Thus, the plaintiff argues that a significant number of other jobs has not been identified and, so, this testimony is inadequate to carry the Commissioner's burden. The undersigned agrees with this argument.

The defendant, citing Davis v. Secretary of Health and Human Services, 915 F.2d 186, 189 (6th Cir. 1990), asserts that a vocational expert's testimony in response to a hypothetical question accurately portraying a claimant's impairments provides substantial evidence to support an administrative denial decision. Furthermore, the defendant notes, citing Born v. Secretary of Health and Human Services, 923 F.2d 1168, 1174 (6th Cir. 1990), that when credible evidence is elicited from a vocational expert setting forth a significant number of jobs which could be performed, the Commissioner's decision should be affirmed. However, the job numbers cited by Parsons did not clearly take the four-hour total limitation on standing and walking into consideration, which the vocational expert admitted when questioned by Auchter's representative. The vocational expert was unable to cite a specific number of light level jobs which could be performed with this limitation and, so, a significant number of jobs in response to a hypothetical question

accurately portraying the plaintiff's limitations was not produced by this testimony. Because the witness did not identify a significant number of jobs, no question arises as to the credibility of this testimony. Therefore, the Court must reject the defendant's arguments on this point.

More severe restrictions than those found by the ALJ were reported by Dr. Wesley Dunaway (Tr. 227-230), Auchter's treating family physician, as well as Dr. Allan Rison, his treating pain specialist (Tr. 212-215). The vocational expert testified that no work could be performed under either of these sets of functional limitations. (Tr. 347). The plaintiff asserts that these opinions support his claim of disabled status and argues that the ALJ erred in rejecting them. However, the ALJ cited a number of reasons why each physician's opinion was not entitled to controlling weight. The ALJ noted that both the treatment records of Dr. Dunaway and Dr. Rison contained little in the way of objective medical findings to support their restrictions. (Tr. 27). Dr. Dunaway, the family physician, did not specifically treat Auchter for orthopedic problems while Dr. Rison primarily provided him with injections for pain. (Id.). In contrast, Dr. Arthur Lorber, who testified at the at June 19, 2006 administrative hearing as a medical expert and upon whose opinion the ALJ ultimately relied with regard to the claimant's residual functional capacity, was an orthopedic specialist. (Id.). The Administrative regulations provide that "we generally give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a

specialist." 20 C.F.R. Section 404.1527(d)(5). An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). The doctor reviewed the record and testified at the June 19, 2006 administrative hearing as a medical advisor. Dr. Lorber reviewed the record and supported his opinion with specific references to objective medical data. Among the records cited were Dr. Rison's finding of a normal gait in October of 2004, the November, 2004 MRI scan of his lumbar spine revealing multi-level degenerative disc disease with protrusion at L5-S1, Dr. Rison's findings of no focal neurological disorder in November of 2005, the December, 2005 right hip x-rays revealing mild narrowing of the joint space, Dr. Greg Sommerkamp's treatment records pertaining to carpal tunnel syndrome and the reports of Dr. Louis Kennedy relating to heart catheterization. (Tr. 330-337). Therefore, the ALJ had sufficient reasons to reject the opinions of Dr. Dunaway and Dr. Rison and rely upon the opinion of Dr. Lorber.

Auchter also argues that the ALJ erred in failing to find that his hand problems were a "severe" impairment. Dr. Sommerkamp, the physician who primarily treated the plaintiff for his problems with carpal tunnel syndrome, did not report the existence of specific functional restrictions which arose from this condition. (Tr. 141-147). The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Dr. Lorber, the medical advisor, considered the evidence

07-58 Auchter

relating to the claimant's hand problems and specifically opined that he did not suffer from any manipulative restrictions on account of them. (Tr. 334). The ALJ relied upon these factors in determining that Auchter had no restrictions relating to his hands (Tr. 25) and the Court finds no error.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 16th day of January, 2008.

Signed By:

G. Wix Unthank

United States Senior Judge